The defendant demurred, because it appears from the petitioners' own showing that William Sumner, in the petition mentioned, died on the 7th day of May, 1784, at which time, by the laws of this State then in force, the lands of the said William, dying an infant, must have *Page 277 
descended to the oldest brother of David, the father of the said William, and could not descend to all the brothers of the said (329) David and their representatives.
The Act of the General Assembly entitled "An act to regulate the descent of real estates, to make provision for widows, and to prevent frauds in the execution of last wills and testaments," under which the petitioners claimed was passed at a General Assembly begun and held at Hillsborough, on the 19th day of April, 1784, and was ratified the 2d day of June, 1784. And the question was, at what time the said act took effect, whether from the first day of the session or from the day of the ratification.
The only question in this case is, at what time the act of the General Assembly entitled "An act to regulate the descent of real estates, to make provision for widows, and to prevent frauds in the execution of last wills and testaments" shall take effect. This law was passed at a General Assembly begun and held at Hillsborough on the 19th day of April, 1784, and was ratified on the 2d day of June, 1784. The rule established in Great Britain is, that the statutes take effect from the first day of the sitting of the Parliament at which they were passed. The same rule has been held in this State with respect to what time our acts of Assembly shall take place. It has appeared necessary that there should be some particular time stated and known when the acts of the General Assembly should have effect, and the rule established in England has been adopted in this State, and continued in use until the General Assembly passed the law in 1799, saying they should not have effect and be in force until thirty days after the rising of the General Assembly, unless otherwise expressed. William Sumner, under whom the complainants claim, died on the 17th day of May, 1784, intestate, without any child living, and without any brother or sister. Therefore, under the rule established at the time of his death, when the acts of the General Assembly of this State are to be in force, the (330) complainants are entitled to the prayer of their petition.
Cited: Hamlet v. Taylor, 50 N.C. 38.
NOTE. — See the Act of 1799 (1 Rev. Stat., ch. 52, sec. 36), by which it is provided that Acts of Assembly shall only be in force from and after thirty days after the termination of the session in which they are passed, and not before, unless otherwise expressly directed in the acts themselves. *Page 278